Giles, J.
In her complaint, the plaintiff/appellee, Andrea Sabían [hereinafter “plaintiff’], alleged that the defendant/appellant moving company, Gentle Movers, d/b/a Sefer Ozdemir [hereinafter “defendant’], damaged or lost her personal property in interstate transit The defendant[2] would argue that the procedural journey of the instant action was equally as hapless and, therefore, has appealed from the entry of summary judgment for the plaintiff.
The complaint was entered on February 13, 1995. There ensued some seven months of wrangling over certain pre-trial and discovery issues not relevant to this discussion.[3] On September 11, 1995, the plaintiff filed the following request for admissions pursuant to District/Municipal Courts Rule of Civil Procedure 36(a):
A. The defendants contracted with the plaintiff to render certain packing, storage and moving services to the plaintiff.
B. As a result of the acts and/or omissions of the defendants, the plaintiff has suffered damages to certain items of personal property
C. Any so-called contract signed by the plaintiff which the defendants claim limit [sic] the defendants’ liability was signed by the plaintiff before certain items added [sic] by the defendants.
D. The defendants, their agents or employees, altered the Combined Uniform Household Goods Bill of lading and Freight Bill after the plaintiff signed same.
E. Despite repeated demands for payment, the defendant [sic] has not paid the defendant [sic] any monies on account of the losses caused by the defendants.
F. The plaintiff has suffered substantial damage and injury as a result of the damages caused by the defendants.
*118 G. The defendants have caused the plaintiff to suffer damages and injury in an amount not less than $12,880.00 as set forth in the Complaint.
H. The defendant has no valid defenses to any action and any answer filed in this case was alleged in bad faith and was for the purpose of interposing a delay.
I. The defendant has no meritorious defenses to this action.
On November 8, 1995, the plaintiff filed a “Motion for Summary Judgment for Failure to Answer Requests for Admissions,” which asserted that “[t]he defendant has failed to respond to the Request for Admissions [;] [a] ccordingly, all of the matters set forth in the Request for Admissions are deemed admitted by the defendant.” On December 11, 1995, the defendant filed a response to the plaintiffs request for admissions, which response set out the above-mentioned requested admissions and answered them as follows:
A) Admitted as to storage and moving[,] denied as to packing.
B) After reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable him to admit or deny.
C) After reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable him to admit or deny.
D) Denied.
E) After reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable him to admit or deny.
F) Denied.
G) Denied.
H) Denied.
I) Denied.
The responses were signed by Sefer Ozdemir under the penalties of perjury.
At the hearing on the plaintiffs motion for summary judgment on December 12, 1995, the motion judge [hereinafter “first motion judge”], apparently finding the defendant’s said responses to be deficient, assessed him $300.00 in costs, granted him leave to file a further response to the request for admissions by the end of that day, and ordered that “[i]f order complied with summary judgment motion is stipulated to be withdrawn.” Later that same day, the defendant filed the following amended response, which repeated each request except for items B, C, and E and which again were signed by Sefer Ozdemir under the penalties of peijury:
A) Admitted.
B) Defendant is unable to truthfully admit or deny the matter because many of the items Plaintiff claims were lost by the Defendant are not contained on the Descriptive Inventory lists that were signed by the Plaintiff. In addition, there is no evidence, at this time, that the items were stolen from the Defendant’s Storage facility.
C) Denied.
D) Denied.
E) Admitted as to demands for payment and not having made pay *119 ments to the Plaintiff. Denied as to losses caused by the Defendant, Defendant further answers that Defendant has made an offer to the Plaintiff in the amount of $1,000.00 that has yet to be accepted. F) Denied.
G) Denied.
H) Denied.
I) Denied.
It is uncontroverted that the court costs were promptly paid by the defendant.
On February 5,1996, the plaintiff filed a new motion for summary judgment on the basis that the defendant’s “Answers to Admissions are deficient’’ To this motion, the defendant filed an opposition. After hearing on May 30,1996, another judge [hereinafter “second motion judge”] allowed summary judgment as to liability only, presumably agreeing with the plaintiff that the defendant’s responses were insufficient and, therefore, that the requests, deemed admitted, established the defendant’s liability as a matter of law. After an assessment of damages by the first motion judge, who ruled that the defendant’s “ [liability was established by allowance of summary judgment motion,” this appeal resulted.
For a variety of reasons, not the least of which may have been the misinformation provided the second motion judge[4] by counsel for the moving party, the entry of summary judgment in the case at bar was inappropriate. We first note that the plaintiff misrepresented in the body of her second summary judgment motion that the first motion judge had “indicated to the parties that the Plaintiff’s Motion would be allowed if responsive answers were not timely filed.” There is nothing in the record before us to support such a contention. In fact, the first motion judge ordered that, “[i]f complied with summary judgment motion is stipulated to be withdrawn.” Furthermore, the defendant’s filing of a second, amended response to the plaintiff’s request for admissions within a matter of hours of the first motion judge’s order cannot reasonably be construed as “not timely,” contrary to the plaintiff’s assertion.
At the hearing on the renewed motion for summary judgment, plaintiff’s counsel, in an effort to besmirch the overall quality of the defendant’s discovery compliance, alluded to two motions - to compel answers to interrogatories and to compel answers to questions propounded at deposition - that were never docketed and, therefore, not properly before the court. Moreover, plaintiff’s counsel incorrectly stated the law regarding admissions, claiming that a simple denial is insufficient and implying that a denial needs to be qualified.
Pursuant to Rule 36(a), the respondent, in answering each response separately, must do one of three things: (1) deny the matter, if the denial fairly meets the substance of the request; or (2) set forth in detail why the answerer cannot truthfully admit or deny the matter; or (3) object to the request, giving reasons therefor.[5] Dist./Mun. Cts. R. Civ. R, Rule 36(a). When good faith requires, a party may qualify his/her answer or deny only a part of the requested admission. Id. An answering party may only give lack of information or knowledge as a reason for failing to admit or deny if he/she states that he/she has made reasonable inquiry and that *120 the information known or readily obtainable by him/her is insufficient to enable him/her to admit or deny. Id.
Contrary to the plaintiffs contention, a response intending to be a denial should simply say, “Denied;” “[a]nything else may invite difficulty.” J. W. SMITH & H. B. ZOBEL, MASSACHUSETTS PRACTICE: RULES PRACTICE, vol. 7, sec. 36.5. Therefore, the defendant’s answers of “Denied” in items D, F, G, H, and I and in part of item A in its first response and in items C, D, F, G, H, and I and in part of item E in its second response were adequate. The party need only answer “Admitted” if the request is admitted, id. at sec. 36.4, so part of the defendant’s first response to item A and its second response to item A were similarly sufficient.
In answer to three items (B, C, and E) in its first response, the defendant indicated that, "After reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable him to admit or deny.” When a respondent cannot in good faith admit or deny a given request, such a statement of a reasonable inquiry and the insufficiency of the information available to him/her is the appropriate response. Id. at sec. 36.6. Again, the defendant’s answers in this regard were acceptable. In the one item (B) of its second response that he was unable to answer, the defendants detailed basis for his inability to respond implies that a reasonable inquiry was either fruitless or pointless; as such, the answer, although unartfully worded, was sufficient.[6] See id. at sec. 36.4,36.6.
The defendant’s answers to the plaintiff’s request for admissions complied with Rule 36(a). Therefore, the answers should neither have been deemed admitted nor, in turn, have served as the basis for the plaintiff’s affirmative case. For these reasons, the entry of summary judgment for the plaintiff is vacated; and the action is remanded for further proceedings.

 Although the caption of the complaint first names a business entity as the party defendant, the body of the complaint describes that defendant as an individual. Without intending any commentary upon the correctness of the defendants name, we shall refer to the defendant as an individual merely for convenience’s sake.

 Among other events, the plaintiff had applied initially for final judgment under Dist./Mun. Cts. R. Civ. R, Rule 33(a) for failure to answer interrogatories, which answers were filed before a reapplication for judgment.

 We do not have before us the benefit of the transcript of the hearing on the plaintiff’s first motion for summary judgment.

 In all but three items in the defendant’s second response, the request preceded the answer, as required by Dist./Mun. Cts. R. Civ. R, Rule 36(a). Especially in light of the sufficiency of the defendant’s first response, we view those three omissions as trifling: de minimis non curat lex.

 The proper remedy for an ineptly articulated response is a motion for determination of sufficiency of response to request for admissions. SMITH & ZOBEL, MASSACHUSETTS PRACTICE: RULES PRACTICES supra at sec. 36.8.